IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01032-BNB

EDWARD D. ROBBINS,

      Plaintiff,

v.

CITY AND COUNTY OF BOULDER,
CITY AND COUNTY OF DENVER,
MEGHAN RING,
NELISSA MILFIELD,
TYRONE SANDOVAL,
JODI HOKE,
KAREN FUKUTAKI, and
JOHN/JANE DOE,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

_____

Plaintiff, Edward D. Robbins, is incarcerated at the Boulder County Jail.  Mr.

Robbins initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant

to 42 U.S.C. § 1983 for money damages and a document titled "Declaration in Support

of Request to Proceed In Forma Pauperis" (ECF No. 3).  As part of the Court's review

pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are

deficient as described in this order.  Plaintiff will be directed to cure the following if he

wishes to pursue his claims.  Any papers that Plaintiff files in response to this order

must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) X is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) X is not on proper form (must use and complete all pages of the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ An original and a copy have not been received by the Court. Only an original has been received.
(10) X other: Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) X is not on proper form (must use the Court's current form)
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page no. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the Court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18) ___ names in caption do not match names in text
(19) ___ other: Must provide street address for each named defendant.

The Court must construe the Prisoner Complaint liberally because Mr. Robbins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robbins will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Robbins is challenging his state court convictions. He is suing the counties in

2

which he was convicted, his public defenders, a mental competency evaluator, and a deputy district attorney.

Mr. Robbins' claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  There, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  Mr. Robbins does not allege that he has invalidated his convictions or sentences that pertain to the incidents at issue. Therefore, any claims for damages challenging the validity of his criminal convictions are barred by *Heck*.

In addition, to the extent Mr. Robbins may seek to challenge his criminal convictions or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus after exhausting state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Mr. Robbins may not sue the cities and counties of Boulder and Denver. Municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against the cities and counties of Boulder and Denver under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Mr. Robbins may not sue his public defenders--Meghan Ring, Nelissa Milfield, Tyrone Sandoval, and Jodi Hoke.  Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

Mr. Robbins cannot pursue his claims against John/Jane Doe, a district attorney. State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).   Initiating and pursuing a criminal prosecution are acts "'intimately associated with the judicial process'"  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). John/Jane Doe is immune from liability for Mr. Robbins' claims that he or she initiated a baseless prosecution against him.

The amended Prisoner Complaint Mr. Robbins will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

4

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Robbins "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive

5

individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails."). Therefore, Mr. Robbins should name as defendants in his amended

complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Robbins must show that each defendant caused the deprivation of a

federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat

superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Robbins may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Robbins uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Edward D. Robbins, cure the designated deficiencies and file an amended Prisoner Complaint that sues the proper parties and complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED April 11, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge